**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Padilla Baldonado, ) | No. CV-11-0090-PHX-FJM |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Respondents. ) | |

      The court has before it petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2), respondents' response (doc. 12), petitioner's reply (doc. 13), the report and recommendation by the United States Magistrate Judge (doc. 14), petitioner's objections (doc. 17), and respondents' response (doc. 18).

      On June 19, 1992, following a jury trial, petitioner was convicted of first-degree murder and sentenced to 25 years to life in prison. The Arizona Court of Appeals affirmed the conviction and sentence on November 8, 1994. On June 23, 1995, the Arizona Supreme Court denied the petition for review.

      On December 16, 1994, while his direct appeal was pending, petitioner filed a notice of post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. On June 5, 1995, the trial court dismissed the petition concluding that it failed to present a colorable claim for relief. Under Rule 32.9(c), Ariz. R. Crim. P., petitioner then had 30 days to file a petition for review

1 in the Arizona Court of Appeals. Petitioner did not file his petition for review, however, until September 15, 1995, more than 2 months outside the 30-day period. On April 17, 1996, the Arizona Court of Appeals dismissed the petition for review as untimely.

Over 12 years later, on July 22, 2008, petitioner filed a second petition for post-conviction relief in state court. On August 12, 2008, the PCR court dismissed the petition, concluding that it was (1) precluded as untimely under Rule 32.4(a), Ariz. R. Crim. P.; (2) precluded under Rule 32.2(a), Ariz. R. Crim. P., because the claims either were or could have been raised on appeal or in his prior Rule 32 petition; and (3) the petition was not entitled to an exception from preclusion under Rule 32.1(g), Ariz. R. Crim. P., because contrary to petitioner's claim, State v. Donald, 198 Ariz. 406, 10 P.3d 1193 (Ct. App. 2000), was not a significant change in the law.[1] The Arizona Court of Appeals denied petitioner's petition for review on December 14, 2009, and the Arizona Supreme Court denied review on May 21, 2010. Petitioner filed the present petition for federal habeas review on January 13, 2011.

The Magistrate Judge recommends that we dismiss the writ of habeas corpus with prejudice because it is time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA) and no statutory or equitable tolling is available (doc. 14).

AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) provides that the 1-year limitations period runs from the latest of (1) "the date on which the judgment became final by the conclusion of direct review," or (2) "the expiration of time for seeking such review." The 1-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." Id. § 2244(d)(2). A state petition that is not filed within

---

[1] We reject petitioner's argument that the PCR court's dismissal of his 2008 petition for post-conviction relief was based on "ambiguous and inconsistent grounds." Objections at 3. Noting that the Court of Appeals issued its mandate on July 19, 1995, and citing Rule 32.4(a), Ariz. R. Crim. P., the PCR court held that the petition was "untimely." (Doc. 2, ex. 2). This ruling is clear, unequivocal and correct.

- 2 -

the state's required time limit is not "properly filed" and therefore does not support statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005).

We reject petitioner's specious argument that the phrases in 28 U.S.C. § 2244—"the date on which the judgment became final" and "the pertinent judgment"—refer to the "state judgment denying the PCR claims" rather than "the judgment of conviction." Objections at 6. Contrary to petitioner's argument, the term "judgment" in § 2244(d)(1)(A) "refers to the judgment of conviction and sentence," and "direct review" is the "direct appellate review of that judgment." Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003). Therefore, under § 2244(d)(1)(A), a judgment becomes final when a judgment of conviction is rendered, the availability of appeal exhausted, the United States Supreme Court denies a petition for certiorari, affirms the conviction on the merits, or when the time for seeking certiorari expires. See Hemmerle v. Schriro, 495 F.3d 1069, 1074 (9th Cir. 2007) (citing Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003)). The Supreme Court has expressly rejected the theory that would allow a state prisoner to "toll the [AEDPA] statute of limitations at will simply by filing untimely state postconviction petitions." Pace, 544 U.S. at 413, 125 S. Ct. at 1812. "This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." Id. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414, 125 S. Ct. at 1812 (quotation omitted)

Petitioner's conviction became final on direct appeal on September 21, 1995, when the 90-period for seeking certiorari in the United States Supreme Court expired, which was prior to the effective date of AEDPA. For petitioners whose convictions were final prior to the enactment of the AEDPA, the statute's 1-year limitation period began to run on AEDPA's effective date of April 24, 1996, and absent any form of tolling, expired on April 24, 1997. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, petitioner had until April 24, 1997, to file his federal habeas petition. Petitioner did not file his pending habeas petitioner until January 13, 2011, more than 13 years after the expiration of the one-year deadline. Therefore, absent statutory or equitable tolling, the habeas petition is time-

1 barred. When petitioner filed his second petition for state post-conviction relief on July 22,
2 2008, the federal limitations period had long-since expired, and no statutory tolling was
3 available. Petitioner's successive petition for post-conviction relief did not revive the already
4 expired limitations period.

5     The AEDPA statute of limitations is subject to equitable tolling where a petitioner can
6 show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
7 circumstance stood in his way" and prevented him from filing a timely petition. Pace, 544
8 U.S. at 418, 125 S. Ct. at 1814. However, plaintiff has failed to assert any grounds for
9 equitable relief. Accordingly, petitioner is not entitled to equitable tolling and his habeas
10 petition is therefore time-barred under AEDPA.

11     **IT IS ORDERED ACCEPTING** the recommended decision of the Magistrate Judge
12 (doc. 14) and **DENYING AND DISMISSING** with prejudice the amended petition for writ
13 of habeas corpus (doc. 2).

14     **IT IS FURTHER ORDERED** denying a certificate of appealability and leave to
15 proceed *in forma pauperis* because the dismissal of the petition is justified by a plain
16 procedural bar and jurists of reason would not find the procedural ruling debatable. Indeed,
17 petitioner's contention is frivolous.

18     DATED this 16th day of December, 2011.

19
20                 */s/ Frederick J. Martone*
21                 Frederick J. Martone
                United States District Judge